UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

TABATHA FOSTER,

                Plaintiff,

         - against –

THE CITY OF NEW YORK, *et al.*,

                Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**
16-CV-6859 (AMD) (RER)

**ANN M. DONNELLY**, United States District Judge:

On May 13, 2019, the plaintiff moved for voluntary dismissal of her federal claims (Counts 1-9) with prejudice and the remaining state claims (Counts 10-16) without prejudice. (ECF No. 77.) For the reasons discussed below, the plaintiff's motion is granted.

## BACKGROUND

The plaintiff brought this action against the City of New York and Jeffrey Maddrey[1] alleging gender discrimination, hostile work environment, defamation, assault, negligent hiring, failure to train, failure to supervise, and failure to discipline claims; she sought $100 million in damages. (ECF No. 1.) The complaint details an affair the plaintiff had with defendant Maddrey beginning in 2009 when they both worked at the 75th Precinct; at the time, Maddrey was an inspector and the plaintiff was a police officer. According to the complaint, the plaintiff and Maddrey were romantically involved until May 2016. Maddrey tried to end the relationship, but

---

[1] The complaint also named Police Commissioners Raymond W. Kelly, William J. Bratton, and James P. O'Neill as defendants; the plaintiff voluntarily dismissed these defendants at the September 12, 2018 pre-motion conference. (*See* September 12, 2018 Minute Entry.)

they continued their physical relationship through 2016.[2] In May 2016, the plaintiff spoke about her relationship with Maddrey on Facebook, which alerted the NYPD to the affair. The NYPD investigated the affair, and defendant Maddrey ultimately admitted the following charges: having physical contact with a person in the department, failing to notify a supervisor, and impeding an investigation. As punishment, he lost 45 vacation days. Starting in May 2016, the Daily News published articles about the affair between Maddrey and the plaintiff, including one with a redacted photograph of the plaintiff, who was naked, that she sent Maddrey, as well as text messages between the two.

On December 13, 2016, the plaintiff filed this suit. (ECF No. 1.) On April 10, 2017, defendant Maddrey filed counterclaims against the plaintiff alleging defamation and libel based on her Facebook posts, and assault because of her threats to kill Maddrey and his family. (ECF No. 22.)

On November 27, 2018 defendant Maddrey moved for summary judgment. (ECF No. 55.) The next day, Eric Sanders, the plaintiff's attorney, moved to withdraw from the case, alleging that there were "irreconcilable differences that render[ed] further legal representation of [the] plaintiff impossible." (ECF No. 56-1.) Magistrate Judge Ramon E. Reyes granted Mr. Sanders' motion to withdraw and gave the plaintiff until January 28, 2019 to find substitute counsel. (*See* November 28, 2018 Order; December 26, 2018 Order.) On January 25, 2019, Matthew J. Bilt and Justin Clark filed notices of appearances on the plaintiff's behalf. (ECF Nos. 66, 67.) On February 28, 2019, the City moved for summary judgment. (ECF No. 69.)

On April 3, 2019, defendant Maddrey sent a letter to the plaintiff's counsel informing them that he would seek costs and attorneys' fees if they did not "discontinue the remaining

---

[2] The plaintiff retired from the NYPD on August 31, 2015 after she suffered a second stroke. She receives disability pension from the NYPD.

claims." (ECF No. 74.) Before her opposition to the summary judgment motions was due, the plaintiff informed the Court that she wanted to dismiss the federal claims with prejudice and the state claims without prejudice. (ECF No. 76.) The Court scheduled a status conference, at which the parties agreed to stipulate to the dismissal of the plaintiff's federal claims with prejudice and the state claims without prejudice. (*See* May 9, 2019 Minute Entry.)

On May 13, 2019, the plaintiff filed a motion seeking dismissal under Federal Rule of Civil Procedure 41(a)(2) because a stipulation of dismissal under Rule 41(a)(1)(A)(ii) "would result in the loss of her [state] claims due to a statute of limitations defense." (ECF No. 77.) Specifically, the plaintiff asks that the Court order dismissal of her federal claims with prejudice and her state claims without prejudice. (*Id.*) Pursuant to the Court's May 16, 2019 Order, the plaintiff filed a joint letter on May 24, 2019 informing the Court that while the parties "were unable to reach a resolution that would resolve the dispute," neither defendant took any "position on the plaintiff's Rule 41(a)(2) application." (ECF No. 78.) Alternatively, the parties agreed to extend the plaintiff's time to oppose the motions for summary judgment. The City also asked that the Court order that the protective order (ECF No. 33) be amended to cover any state court action that the plaintiff may later bring. For the reasons discussed below, the plaintiff's motion for dismissal under Rule 41(a)(2) is granted.

## DISCUSSION

Rule 41(a)(2) provides that after the defendant has served either an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," except where the parties agree to a stipulation of dismissal. A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed "if the defendant will not be prejudiced . . . ." *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001)

3

(citing *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985)). Although "starting a litigation all over again does not constitute legal prejudice," a court should not grant a motion to dismiss without prejudice where "the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action." *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. Securities & Exchange Commission*, 298 U.S. 1, 19 (1936)).

To determine whether a case has proceeded so far that dismissing it would prejudice the defendant, a court should consider a number of relevant factors: (1) "the plaintiff's diligence in bringing the motion;" (2) "any 'undue vexatiousness' on [the] plaintiff's part;" (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial;" (4) "the duplicative expense of relitigation;" and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (citations omitted); *see D'Alto*, 100 F.3d at 283.

None of these factors warrant denying the plaintiff's Rule 41(a)(2) motion.[3] The plaintiff is not dilatory in bringing the motion for dismissal; after evaluating the remaining claims, plaintiff's substitute counsel moved in a timely manner to resolve the action. Moreover, the motion is not meant to harass or annoy, but rather facilitates a larger resolution to dismiss the federal claims with prejudice and continue litigation of the state claims in the appropriate forum. Given the status of discovery, the parties could probably proceed directly to dispositive motion practice in state court. The plaintiff moves for dismissal in an effort to streamline litigation and to minimize the expenditure of judicial resources. Accordingly, the plaintiff's Rule 41(a)(2)

---

[3] Because the plaintiff requests that the federal claims be dismissed with prejudice, I only consider whether dismissal of the state claims without prejudice is appropriate.

4

motion to dismiss the federal claims with prejudice and state claims without prejudice is granted.[4]

In addition, I grant the City's request that paragraph 7 of the October 2, 2017 protective order (ECF No. 33) be extended to cover "any subsequent State court action arising after the dismissal or withdrawal of plaintiff's federal causes of action in this matter." (ECF No. 78 at 2.) I find that this a proper term of dismissal pursuant to Rule 41(a)(2).

## CONCLUSION

The plaintiff's motion for dismissal pursuant to Rule 41(a)(2) is granted. The plaintiff's federal claims (Counts 1-9) are dismissed with prejudice, and her state claims (Counts 10-16) are dismissed without prejudice. Paragraph 7 of the October 2, 2017 protective order (ECF No. 33) is amended to cover "any subsequent State court action arising after the dismissal or withdrawal of plaintiff's federal causes of action in this matter."

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
       June 10, 2019

---

[4] Rule 41(a)(2) states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Defendant Maddrey, who has asserted counterclaims of defamation, libel, and assault, does not object to dismissal, but explicitly "takes no position on the plaintiff's Rule 41(a)(2) application." (ECF No. 78.) Defendant Maddrey will be able to pursue these counterclaims in state court, so the counterclaims are dismissed without prejudice as well.